**Opinion issued August 11, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00126-CR

———————————

**CHRISTINA MARIE HARRISON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1484171**

---

## MEMORANDUM OPINION

Appellant, Christina Marie Harrison, pleaded guilty to the state jail felony offense of possession of a controlled substance, namely, methamphetamine, weighing less than one gram by aggregate weight.[1] Pursuant to appellant's plea

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(a), (b) (West Supp. 2015).

bargain, the State agreed to recommend that she be placed on three years' deferred adjudication community supervision and be fined $200.00. In accordance with the terms of appellant's plea-bargain agreement, the trial court signed an order, deferring adjudication of appellant's guilt, placing her on community supervision for a term of three years, and assessing a fine of $200.00.[2] The trial court certified that this was a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a *pro se* notice of appeal. We dismiss this appeal for want of jurisdiction.

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West Supp. 2015); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). "[I]n a plea-bargain case for deferred adjudication community supervision, the plea bargain is complete at the time the defendant enters [her] plea of guilty in exchange for deferred adjudication community supervision." *Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006). Accordingly, rule 25.2(a)(2) restricts an

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(a) (West Supp. 2015).

appeal when a defendant appeals her placement on deferred adjudication community supervision. *See id.*

Here, the clerk's record supports the trial court's certification that this is a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615. Because appellant has no right of appeal, we must dismiss this appeal without further action. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

## Conclusion

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).